UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JOHNS MULLINS,

    Petitioner,

  v.

JAMES THATCHER,

    Respondent.

Case No. C08-5443BHS/JKA

ORDER TO SHOW CAUSE

This habeas corpus petition has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner has been granted *In forma pauperis* status. Petitioner was ordered to file an amended complaint naming a proper respondent and petitioner has complied with that order (Dkt # 4). The court now has in jurisdiction to consider the petition on the merits prior to service and that review disclosed that petitioner was sentenced January 5, 2005 (Dkt # 4 page 1). Petitioner's direct appeal was denied by the Washington State Court of Appeals on June 20, 2006 (Dkt # 4, page 2). Petitioner's motion for discretionary review was denied April 11, 2007 (Dkt # 4, page 2). This habeas corpus petition was not filed until July 14, 2008 (Dkt # 1).

ORDER

A one year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

Here, petitioner's direct appeal ended when his motion for discretionary review was denied on April 11, 2007. Petitioner had until April 11, 2008, to file a federal habeas petition. This petition was not filed until July 14, 2008 and appears to be time barred. The court now orders petitioner to **SHOW CAUSE** on or before **October 10, 2008,** why this petition should not be denied with prejudice as time barred. Failure to respond will result in a Report and Recommendation that this petition be dismissed.

The clerk is directed to send copies of this order to petitioner and to note the **October 10, 2008,** due date.

DATED this 9 day of September, 2008.

                                       /S/ *J. Kelley Arnold*
                                       J. Kelley Arnold
                                       United States Magistrate

ORDER