UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL JOHN MULLINS,

    Petitioner,

v.

JAMES E. THATCHER,

    Respondent.

Case No. C08-5443BHS/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
November 14, 2008**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. On September 9, 2009, the court entered an Order to Show Cause why this action should not be dismissed as time barred (Dkt. 5). That order gave petitioner until October 10, 2008, to file a response. As of October 17, 2008, the record does not reflect any response being filed. The order specifically warned petitioner that if no response was filed a Report and Recommendation to dismiss the petition would be filed (Dkt. # 5, page 2).

## FACTS

Petitioner was convicted in Lewis County of five counts of child molestation and one count of rape. He was sentenced to 453 months of confinement on January 5, 2005 (Dkt. # 1, page 1). A

direct appeal from the convictions and sentence was denied June 20, 2006 (Dkt. # 1, page 2). Petitioner filed a motion for discretionary review and that motion was denied April 11, 2007. Petitioner waited over one year and did not file this federal habeas petition until July 14, 2008 (Dkt. # 1).

## DISCUSSION

A one year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.§ 2244 (d).

Here, petitioner's direct appeal ended when his motion for discretionary review was denied on April 11, 2007. The statute of limitations began to run April 12, 2007 and ran until April 13, 2008 without interruption. A Federal petition filed July 14, 2008 was three months time barred.

This petition is time barred and should be **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based on the foregoing discussion, the petition should be **DISMISSED WITH PREJUDICE** as time barred.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 14, 2008**, as noted in the caption.

DATED this 22 day of October, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge